**Robert L. KELLEY, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 00–3379.**

United States Court of Appeals, Federal Circuit.

March 6, 2001.

---

Robert L. Kelley, of Charlotte, NC, pro se.

Joyce G. Friedman, Attorney, Merit Systems Protection Board, of Washington, DC, for respondent. Of counsel were Eric D. Flores, and Martha B. Schneider, Attorneys, Merit Systems Protection Board, of Washington, DC.

Before BRYSON, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

PLAGER, Senior Circuit Judge.

Robert L. Kelley appeals from a decision of the Merit Systems Protection Board ("Board"), which dismissed his case for lack of jurisdiction. *Kelley v. United States Postal Serv.*, No. DC–0752–00–0309–I–1 (Apr. 18, 2000). The Board found that, for purposes of appeal to the Board, Mr. Kelley's transfer from a full-time letter carrier position to a part-time clerical position at the same grade and pay level was not an adverse action, and thus

the Board had no jurisdiction to hear the appeal. Because we question the Board's decision with regard to its jurisdiction, we vacate and remand for further proceedings.

## BACKGROUND

Mr. Kelley was a letter carrier for the United States Postal Service ("USPS"). Mr. Kelley was involved in an incident in which he left his delivery vehicle running and the vehicle subsequently rolled backward across a school parking lot and struck a parked vehicle, damaging both itself and the other vehicle. In light of this incident, the USPS proposed to remove Mr. Kelley. After his removal hearing, the deciding officer found that removal was warranted but mitigated the penalty to a transfer from his full-time delivery position to a part-time clerical position at the same grade and pay level. Since his transfer, he has consistently been given the opportunity to work a full 40–hour week, and thus has suffered no actual loss in pay. After filing an unsuccessful discrimination appeal with the Equal Employment Opportunity Commission, Mr. Kelley eventually appealed his transfer to the Board, which dismissed his case for lack of jurisdiction.

## DISCUSSION

■ The Board's jurisdiction is limited. *See* 5 U.S.C. § 7701(a) (1994); 5 C.F.R. § 1201.3 (2000). The scope of the Board's jurisdiction is a question of law which we review without deference. *See Lourens v. Merit Sys. Prot. Bd.*, 193 F.3d 1369, 1370 (Fed.Cir.1999).

When Mr. Kelley first appealed to the Board on February 7, 2000, his appeal appeared to be untimely. The administrative judge issued a show cause order, requesting that Mr. Kelley demonstrate why his appeal should not be dismissed as untimely. After a telephone conference on March 29, 2000, the administrative judge indicated her intent to dismiss the appeal

as untimely filed. However, her final opinion, which became the opinion of the Board, dismissed the appeal for lack of jurisdiction. The opinion recognized that an issue existed regarding timeliness, but explicitly refused to address this issue. *See Kelley,* slip op. at 1 n. 1.

The basis for the dismissal for lack of jurisdiction was that since Mr. Kelley was reassigned from a full-time position to a part-time position at the same grade and pay level, he had received no reduction in grade or pay level, and therefore he had not been the subject of an adverse action. Absent an adverse action by the USPS, the Board had no jurisdiction over the appeal. *See* 5 U.S.C. §§ 7512 (1994), 7701(a).

█ This court has never fully considered or decided whether the MSPB may properly dismiss an appeal for lack of jurisdiction on the basis that a reassignment from full-time to part-time at the same grade and pay level is not an adverse action. A reduction in pay is typically an adverse action over which the Board has jurisdiction. Thus, it is an open question whether under the present circumstances a dismissal for lack of jurisdiction is correct unless it is clear that the employee suffered no reduction in pay, for example because he was assured of full-time employment despite the part-time nature of the position, or because the employee had a reserved right of appeal should he later experience an actual reduction in pay due to the part-time nature of the new position, or because the basis on which he is paid changes the equation. *Compare, e.g., Anthony v. Office of Pers. Mgmt.,* 58 F.3d 620, 623 (Fed.Cir.1995) (stating, with regard to whether an employee is eligible for disability retirement, "[a]n offer of reassignment must involve a position at the same or higher grade or pay level and tenure as the employee's current position, and must be full-time if the current position is full-time") *with Wood v. Merit Sys. Prot. Bd.,* 938 F.2d 1280, 1282 (Fed.Cir. 1991) (holding that, for purposes of Board jurisdiction, a "reduction in pay" under 5 U.S.C. § 7512(4) referred to the employee's hourly rate of pay, and not to the total pay the employee received on an annualized basis.).

The opinion of the Board provides us with no explanation of its thinking with regard to this issue beyond citation to *Sheehan v. United States Postal Service,* 27 M.S.P.R. 115 (1985), and *Swarick v. United States Postal Service,* 9 MSPB 70, 9 M.S.P.R. 426 (1982). *Swarick* is not on point. *Sheehan* is on point, but, like the present case, it is devoid of any explanation for the result reached. Accordingly, we are unable to affirm the Board based on its assertion that, due to the absence of any adverse action against the employee, it lacked jurisdiction.

The decision of the Board is vacated and the matter is remanded for further proceedings consistent with this opinion. We note that, on remand, the Board is not precluded from addressing the issue of timeliness.

*VACATED and REMANDED.*