Peter W. HUNT, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 01–3177.

United States Court of Appeals,
Federal Circuit.

Oct. 18, 2001.

Before LOURIE, Circuit Judge,
ARCHER, Senior Circuit Judge, and
GAJARSA, Circuit Judge.

## DECISION

PER CURIAM.

Peter W. Hunt appeals from the decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction and alternatively ruling against him on the merits. *Hunt v. OPM*, No. CH–3443–00–0859–I–1, slip op. at 3–4 (MSPB Dec. 19, 2000). Although the Board erred in dismissing Hunt's appeal for lack of jurisdiction, we *affirm* the Board's decision on the merits.

## DISCUSSION

Hunt is a veteran employed by the Department of the Army. *Id.* at 1. Following the posting of information on the Office of Personnel Management's (OPM's) web site concerning the awarding of veterans' hiring preferences under the Veterans Opportunity Act (VEOA) of 1998, Hunt filed a complaint with the Department of Labor on June 24, 2000. *Id.* at 2. In his complaint, Hunt challenged the legitimacy of OPM's explanation that the veterans' preferences defined in 5 U.S.C. § 3304(f) are to be applied to non-status applicants only. *Id.* OPM's guidance directed hiring agencies not to credit a preference eligible veteran with a veterans' preference when that veteran applies for a promotion open only to status applicants, defined as current or certain former federal employees.

After receiving no response from Labor, Hunt appealed to the Board on August 25, 2000, *id.* at 2, adding an additional complaint that the OPM guidance would deny the veterans' preference rights provided by 5 U.S.C. § 3313 for internal candidates passing an examination required by 5 U.S.C. § 3361 for promotion in the competitive services. The Board then ordered Hunt to prove that the Board had jurisdiction to hear the appeal. Acknowledgment Order, No. CH–3443–00–0859–I–1 (MSPB Sept. 26, 2000). Hunt responded that 35 U.S.C. § 3330a(d) grants the Board jurisdiction whenever Labor is unable to resolve a complaint, submitted pursuant to 35 U.S.C. § 3330a(a), within sixty days. Brief in Support for Jurisdiction, *Hunt* (No. CH–3443–00–0859–I–1). Hunt's brief added an additional complaint that the OPM guidance would deny veterans' preference rights under 5 U.S.C. §§ 3317–18. *Id.* at 1–2.

The Administrative Judge ("AJ") concluded that Hunt failed to meet his burden of establishing Board jurisdiction because he did "not allege ... that OPM directly interfered with his candidacy for any specific selection action by his employing agency." *Hunt*, No. CH–3443–00–0859–I–1, slip op. at 3. The AJ went on to state that Hunt may request, pursuant to 5 U.S.C. § 1204(f) and 5 C.F.R. § 1203.11, Board review of the OPM guidance, *id.* at 3, and that in such a case Hunt's appeal would fail on the merits because 5 U.S.C. § 3304(f) does not grant veterans' preference, and 5 U.S.C. §§ 3313 and 3361 "relate to applicants' initial entrance into the competitive service," whereas OPM's guidance addresses only "merit promotion actions of veterans already employed in the competitive service." *Id.* at 5. The AJ also concluded that Hunt had not alleged that the OPM guidance would violate 5 U.S.C. §§ 3317–18 and 3361 "as they relate to the appellant's candidacy for any specified position." *Id.* at 6. Because Hunt did not petition for review by the full Board, the AJ's decision became the final decision of the Board. 5 C.F.R. § 1201.113 (2001).

Hunt timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

The scope of the Board's jurisdiction is a question of law that we review without deference. *Kelley v. MSPB*, 241 F.3d 1368, 1369 (Fed.Cir.2001). Otherwise, the scope of our review of a decision of the Board is limited. We must affirm the Board's decision on the merits unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Jennings v. MSPB*, 59 F.3d 159, 160 (Fed.Cir.1995).

On appeal, Hunt first challenges the Board's denial of jurisdiction. More specifically, Hunt argues that compliance with

5 U.S.C. § 3330a(d) provides the Board with jurisdiction as a matter of right and that the Board erred in requiring that he show denial of a specific position. Certain of Hunt's other arguments are directed at the substance of his claim, *i.e.*, that the OPM guidance is inconsistent with the statutory provisions for granting veterans' preferences.

The government argues that the language of § 3330a(a)(1) requires Hunt to "allege[ ] that an agency has violated [his] rights ... to veterans' preference" and that Hunt failed to make such an allegation in connection with a specific employment opportunity.

We first consider the question of the Board's jurisdiction. In relevant part, VEOA provides as follows:

> (a)(1) A preference eligible who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor.
>
> . . .
>
> (d)(1) If the Secretary of Labor is unable to resolve a complaint under subsection (a) within 60 days after the date on which it is filed, the complainant may elect to appeal the alleged violation to the Merits Systems Protection Board
> . . .

5 U.S.C. § 3330a (2000). That statute thus grants the Board jurisdiction to hear and decide cases in which a preference eligible veteran has complained to Labor of a violation and not received satisfactory resolution of his complaint within sixty days. That is the statutory provision that Hunt cited as the basis for his complaint.

■ The AJ concluded that Hunt did not fulfill the requirement of the statute by "alleg[ing] that an agency has violated [his] rights ... to veterans' preference."

*Id.* The Board held that it therefore lacked jurisdiction over the appeal. We agree that Hunt's complaint based on § 3330a fails, but not for lack of Board jurisdiction. Jurisdiction relates to the power of a tribunal to hear and decide a case. That was not lacking here. Hunt is a preference eligible veteran who alleged that an agency violated his rights under a statute relating to veterans' preference, and he did file a complaint with the Secretary of Labor that was not resolved with sixty days. Thus, there was Board jurisdiction.

■ However, while the Board erred in dismissing Hunt's complaint for lack of jurisdiction, the error was merely linguistic. The Board should have characterized its ruling against Hunt as being on the merits for failure to prove a violation. Hunt has not shown that he was denied any preference to which he was entitled for any employment vacancy. In fact, he has not shown that he has applied for any vacancy at all. As the AJ stated, he did "not allege ... that OPM directly interfered with his candidacy for any specific selection action by his employing agency." *Hunt*, No. CH–3443–00–0859–I–1, slip op. at 3. To put it differently, Hunt's generalized grievance is not grounded in a "violation," as the statute requires. Because Hunt has failed to show a violation, the disposition of this case should be failure on the merits rather than dismissal for lack of jurisdiction. *See Spruill v. MSPB*, 978 F.2d 679, 686 (Fed.Cir.1992).

If and when Hunt connects the OPM guidance with a concrete violation of his rights in connection with a specific employment opportunity, only then he will have made a sufficient allegation to state a claim under 5 U.S.C. § 3330a.

■ Hunt argues that OPM's guidance is inconsistent with statutory provisions. Jurisdiction for such a claim is provided by 5 U.S.C. § 1204(f)(1). That statute pro-

vides that the Board shall review an OPM rule or regulation "(A) on its own motion; (B) on the granting by the Board ... of any petition ...; or (C) on the filing of a written complaint by requesting such a review." 5 U.S.C. § 1204(f)(1) (2000). *See also* 5 C.F.R. § 1203.11 (2001). However, Hunt did not plead that provision as a basis for jurisdiction. Nor did the AJ exercise jurisdiction under that provision to review OPM's guidance. The AJ's comments on the substantive issues were, thus, dicta. Because those issues were not decided by the Board, they are not before us.

We have considered Hunt's other arguments and find them unconvincing.

We therefore conclude that the Board erred in dismissing Hunt's claim for lack of jurisdiction, but we affirm the Board's decision on the merits for the reasons set forth above.