NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN-PIERRE BANEY,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3003

---

Petition for Review of the Merit Systems Protection Board in No. DA0752120158-I-1.

---

Decided: March 11, 2013

---

JOHN-PIERRE BANEY, of Seagoville, Texas, pro se.

NICOLE DECRESCENZO, Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, PLAGER, and WALLACH, *Circuit Judges.*

PER CURIAM.

John-Pierre Baney ("Baney") appeals from the final decision of the Merit Systems Protection Board ("the Board") denying his petition for review. *See Baney v. Dep't of Justice*, No. DA-0752-12-0158-I-1 (M.S.P.B. Mar. 26, 2012) ("*Initial Decision*"); (M.S.P.B. Feb. 6, 2012) ("*Notification Order*"); (M.S.P.B. Aug. 27, 2012) ("*Final Order*"). Because the Board did not err in denying Baney's petition for review for lack of jurisdiction, we *affirm*.

BACKGROUND

Baney, a Veteran of the U.S. Coast Guard, was employed as a Supervisory Cook at the U.S. Department of Justice, Federal Bureau of Prisons' Federal Correctional Facility in Seagoville, Texas (the "Agency") until his retirement was effected on December 31, 2011, the last day of the month in which he reached 57 years of age. In that capacity, Baney served for more than 24 years in a law enforcement officer position subject to a mandatory retirement requirement as set forth at 5 U.S.C. § 8425(b) ("A law enforcement officer . . . shall be separated from the service on the last day of the month in which [he] becomes 57 years of age or completes 20 years of service if then over that age."). In January 2012, Baney appealed his retirement from the Agency to the Board as involuntarily coerced, ostensibly contending that he was wrongly subjected to the mandatory age provision because, in 2009, President Obama purportedly obviated the statutory age limit for Veterans serving in law enforcement positions.

In February 2012, the administrative judge ("AJ") issued an order notifying Baney that the Board may not have jurisdiction to hear his appeal because retirement is presumed voluntary and therefore not appealable absent

a nonfrivolous allegation of facts casting doubt on that presumption of voluntariness. *Notification Order* at 1–2. The AJ consequently outlined a schedule for the Agency to file a response explaining why it believed that Baney was subject to mandatory retirement and for Baney to file a subsequent submission detailing why he believed that his retirement was coerced and involuntary. The AJ further observed that, because Baney had a separately docketed complaint pending at the Board under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301–4333 ("USERRA"),[1] he might consider raising other USERRA-based claims in the instant appeal. *Id.* at 3. To assist Baney further in filing a clarifying submission, the AJ noted case law applicable to: (i) his burden to proffer a nonfrivolous allegation to challenge the legal presumption of a voluntary retirement (citing *Burgess v. Merit Sys. Prot. Bd.,* 758 F.2d 641, 643 (Fed. Cir. 1985); *Schultz v. United States Navy*, 810 F.2d 1133, 1136-37 (Fed. Cir. 1987)); (ii) the Board's limitations on review of a statutorily mandated retirement (citing *Ryan v. Defense Investigative Serv.*, 25 M.S.P.R. 551, 556 (1985) (mandatory retirement requirements of law enforcement positions are not appealable so long as law enforcement status of appellant is proper), *rev'd on other grounds*, 779 F.2d 669, 672–75 (Fed. Cir. 1985)); and (iii) the standard of review for an allegation of USERRA-based discrimination in connection with an involuntariness claim (citing *Markon v. Dep't of State*, 71 M.S.P.R. 574, 577–78 (1996)). *Id.* at 2. Baney, however, did not file any evidence or argument in response to this order.

The Agency moved to dismiss Baney's appeal for lack of jurisdiction, asserting that Baney was separated because he had reached the maximum age for his position, relying upon the Board's decision in *Ryan*. In March

---

[1] That case, Board Docket No. DA-4324-12-0108-I-1, is pending at the Board on Petition for Review.

2012, the AJ agreed and issued an initial decision dismissing Baney's appeal for lack of jurisdiction, concluding that the Agency had proven that Baney was properly subjected to mandatory retirement under the statute and that Baney failed to present a nonfrivolous assertion that his retirement was involuntary and therefore tantamount to a removal action. *Initial Decision* at 1–3. Baney then petitioned the Board for reconsideration, claiming on review that he was denied a hearing and not allowed to present evidence, and stating that employers are "prohibited from retaliating against an employee who files a complaint under [USERRA], testifies in a [USERRA] proceeding, participates in a USERRA investigation, or exercises a right under USERRA," while further declaring only that he had been retaliated against since 2003. *Final Order* at 2. In denying Baney's petition, the Board agreed with the AJ that the Agency's decision mandatorily to retire Baney was consistent with the statute and that Baney did not make a nonfrivolous allegation of Board jurisdiction over his claim of involuntary retirement. *Id.* at 3–4.

Baney appealed to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit. Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which we review without deference. *Kelley v. Merit Sys. Prot. Bd.*, 241 F.3d

1368, 1369 (Fed. Cir. 2001). The Board's jurisdiction is not plenary, but is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). An appellant has the burden to establish the Board's jurisdiction by a preponderance of the evidence. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); 5 C.F.R. § 1201.56(a)(2)(i). A preponderance of the evidence is that "degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.56(c)(2).

On appeal, Baney repeatedly avers that he should have been permitted a hearing and vaguely asserts that the Board should have considered a USERRA retaliation claim. He maintains that the Board did not consider all the facts, but fails to identify any particular fact that the Board should have considered. The government responds that the Board correctly dismissed Baney's petition because he did not meet his burden of proof that the appeal of his retirement was within the Board's jurisdiction.

We agree that the Board properly denied Baney's petition for review for lack of jurisdiction because his mandatory retirement was pursuant to 5 U.S.C. § 8425(b) and he failed to establish the Board's jurisdiction by a preponderance of the evidence. An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an allegedly involuntary resignation or retirement only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess*, 758 F.2d at 643. But voluntariness is not the issue here, as the statute creates mandatory retirement for someone of Baney's position and circumstances.

Baney was provided detailed information advising him of the applicable standards and facts that he would

be required to allege in order to establish the Board's jurisdiction. The information given by the AJ was accurate and consistent with our case law. The record indicates that Baney neither contested that his position was that of a law enforcement officer subject to mandatory retirement, nor asserted that the requisite statutory provision was applied to him improperly. Baney was afforded an additional opportunity to submit evidence and argument regarding his claim and his allegations of a USERRA violation related to that claim, but filed no further submissions. Indeed, in his pleadings both before this court and before the Board below, Baney has offered no supporting evidence or argument for his positions, identified no error in the Board's conclusions of fact or law that would support an alternative result, and failed to allege any facts in support of his purported USERRA retaliation claim. Accordingly, the Board properly dismissed Baney's claim for lack of jurisdiction.

We have considered Baney's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Board is

**AFFIRMED.**