NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARGARET A. LAGUERRA,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3152

---

Petition for review of the Merit Systems Protection Board in No. DC0752120395-I-1.

---

Decided: January 13, 2014

---

MARGARET A. LAGUERRA, of New Carrollton, Maryland, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before LOURIE, PROST, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Margaret A. Laguerra ("Laguerra") appeals from the final decision of the Merit Systems Protection Board ("the Board") denying her petition for review for lack of jurisdiction. *See Laguerra v. Dep't of the Treasury*, No. DC-0752-12-0395-I-1 (M.S.P.B. Mar. 20, 2012) ("*Jurisdictional Order*"); (M.S.P.B. June 13, 2012) ("*Initial Decision*"); (M.S.P.B. May 23, 2013) ("*Final Order*"). Because the Board did not err in denying Laguerra's petition for review, we *affirm*.

## BACKGROUND

Laguerra was employed as a GS-7 Human Resources Assistant at the Internal Revenue Service (the "agency") until she retired on February 29, 2012. On February 13, 2012, Laguerra met with her second and third level managers, who informed her that they intended to propose her removal for unsatisfactory performance. The agency had previously placed Laguerra on a performance improvement plan and had concluded that she failed to improve sufficiently to avoid removal. On February 15, 2012, Laguerra informed the agency that she wished to retire effective February 28, 2012. *Initial decision* at 6. On February 28, 2012, however, Laguerra rescinded her retirement, and the agency issued Laguerra a proposed removal notice the following day giving Laguerra an opportunity to respond. *Id.* at 6. Rather than responding to the proposed removal notice, Laguerra again submitted her retirement notice on February 29, 2012. *Id.* at 2.

Laguerra filed an appeal to the Board alleging that her retirement was involuntary. Laguerra alleged that the agency discriminated against her because of her age, created hostile working conditions to force her to retire, and retaliated against her because of her prior Equal Employment Opportunity complaints. Laguerra asserted that her performance was not so deficient as to warrant removal and that any deficiencies were due to the agen-

cy's refusal to provide her with additional training. In her appeal she asked for restoration of her job.

An administrative judge ("AJ") issued an order notifying Laguerra that the Board might not have jurisdiction over her appeal because her retirement was presumed to be voluntary. *Jurisdictional Order* at 1. The AJ explained that Laguerra bore the burden of proof on this issue; explained the applicable case law and described the detailed factual allegations required to make a nonfrivolous allegation of jurisdiction; and ordered Laguerra to file evidence and argument on the jurisdictional issue. *Id.* at 1–2.

Laguerra responded and, based on her response, the AJ issued an initial decision dismissing Laguerra's appeal for lack of jurisdiction. *Initial Decision* at 7. The AJ found that Laguerra voluntarily retired and noted that her response to the *Jurisdictional Order* contained only "conclusory, vague, and unsupported allegations and arguments primarily referenc[ing] her dissatisfaction with legitimate management actions." *Id.* He therefore dismissed her appeal for lack of jurisdiction. *Id.*

In response, Laguerra filed a petition for review to the full Board along with new evidence that allegedly supported her involuntary retirement claims. *Final Order* at 5. The Board denied the petition for review and affirmed the AJ's *Initial Decision*, which became the decision of the Board. *Id.* at 8. The Board refused to consider the proffered evidence because Laguerra failed to show that it was unavailable before the record closed. *Id.* at 5–6. Finally, the Board found no error in the AJ's analysis that Laguerra had failed to make a nonfrivolous allegation that her retirement was involuntary. *Id.* at 7.

Laguerra appealed to this court under 28 U.S.C. § 1295(a)(9), which provides us with jurisdiction over appeals from a final order or final decision of the Board pursuant to 5 U.S.C. §§ 7703(b)(1) and 7703(d).

DISCUSSION

Before getting to the question of the Board's jurisdiction, we must first address whether we have jurisdiction to review the Board's ruling under the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 *et seq.* The district court, not this court, is vested with jurisdiction over any mixed case appeal that the Board resolves either on the merits or on procedural grounds. *Kloeckner v. Solis*, 568 U.S. __, 133 S. Ct. 596, 607 (2012). A mixed case is one that involves allegations of unlawful discrimination as well as other grounds for appealing an adverse action. *Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1115–16 (Fed. Cir. 2013). In *Conforto*, we held that *Kloeckner*'s ruling concerning district court jurisdiction did not extend to the Board's dismissal for lack of jurisdiction, and therefore that an appeal from the Board's dismissal for lack of jurisdiction properly belongs in this court. *Id.* at 1117. Thus, we have jurisdiction to decide Laguerra's appeal.

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit. Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which we review without deference. *Kelley v. Merit Sys. Prot. Bd.*, 241 F.3d 1368, 1369 (Fed. Cir. 2001).

Laguerra argues that the Board failed to take into account her contentions regarding the merits of the agency's proposal to remove her. Laguerra contends that the agency forced her to retire by creating a hostile working environment and discriminating against her because of

her age. The government responds that the Board correctly dismissed Laguerra's petition because her contentions did not raise a nonfrivolous allegation of coercion.

We agree with the government that the Board lacked jurisdiction over Laguerra's appeal. The Board's jurisdiction is not plenary, but is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). An appellant has the burden to establish the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i); *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). A preponderance of the evidence is that "degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.56(c)(2).

The Board has no jurisdiction over voluntary resignations, and when it lacks jurisdiction it need not decide the merits, as Laguerra urges. *See Parrott v. Merit Sys. Prot. Bd.,* 519 F.3d 1328, 1332 (Fed. Cir. 2008). A decision to resign is presumed to be voluntary. *Shoaf v. Dep't of Agric.,* 260 F.3d 1336, 1340–41 (Fed. Cir. 2001). The Board can only exercise jurisdiction over a petitioner's appeal in situations in which an employee can show that his or her resignation "was involuntary and thus tantamount to forced removal." *Id.* at 1341 (footnote omitted); *see Staats v. U.S. Postal Serv.,* 99 F.3d 1120, 1124 (Fed. Cir. 1996). That is not the case here.

The Board properly denied Laguerra's petition for review for lack of jurisdiction because her contentions failed to constitute a nonfrivolous allegation that she had been subjected to coercive pressures sufficient to compel a reasonable person to retire involuntarily. *Conforto*, 713 F.3d at 1123. Laguerra was provided with detailed information advising her of the applicable standards and

the facts that she would be required to allege in order to establish the Board's jurisdiction. The information given by the AJ was accurate and consistent with the regulations and our case law. Given the state of the record, the AJ was correct to hold that Laguerra failed to satisfy her burden of making a nonfrivolous allegation of jurisdiction. As the AJ noted, Laguerra's response to the order to show why the Board had jurisdiction over her case contained only "conclusory, vague, and unsupported allegations and arguments primarily referenc[ing] her dissatisfaction with legitimate management actions." *Initial Decision* at 7. Laguerra did not demonstrate that she had no realistic alternative but to resign or retire, and that her retirement was the result of "improper acts" by the agency. *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987).

For those reasons, we sustain the Board's decision that Laguerra failed to show that her retirement was involuntary and thus tantamount to a removal action. Accordingly, we conclude that the Board properly dismissed Laguerra's claim for lack of jurisdiction. We have considered Laguerra's remaining arguments and conclude that they are without merit. The decision of the Board is

## AFFIRMED

### COSTS

No costs.