NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TOMEKA D. LASURE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1567

---

Petition for review of the Merit Systems Protection Board in No. CB-7121-15-0034-V-1.

---

Decided: August 15, 2016

---

TOMEKA D. LASURE, Walla Walla, WA, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before NEWMAN, CLEVENGER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Tomeka D. Lasure was a Pharmacy Technician for the Department of Veterans Affairs ("VA") in Walla Walla, Washington. On October 31, 2014, Ms. Lasure was removed from service on charges of AWOL, failure to comply with instructions, and conduct unbecoming an agency employee. Ms. Lasure ultimately challenged her removal in an arbitration proceeding, contending that the VA's removal was retaliation for protected union activity in violation of 5 U.S.C. § 2302(b)(9). The arbitrator confirmed the VA's decision. Ms. Lasure subsequently appealed the arbitrator's decision to the Merit Systems Protection Board ("MSPB" or "the Board"). However, the Board dismissed her appeal without reaching the merits, finding that it lacked jurisdiction to review the arbitrator's decision. *See Lasure v. Department of Veterans Affairs*, Docket No. CB-7121-15-0034-V-1 (Dec. 31, 2015). Ms. Lasure timely petitioned this court for review of the Board's final decision. For the reasons stated below, we *affirm*.

## BACKGROUND

In January of 2014, Ms. Lasure became a Pharmacist Technician at a VA facility in Walla Walla, Washington, having transferred from a similar position in Cincinnati. A few months after taking the position in Walla Walla, Ms. Lasure also became president of the local chapter of her union, the Local 181. Beginning shortly thereafter, in April of 2014, Ms. Lasure and the management of the Walla Walla VA facility became embroiled in a series of escalating disputes over Ms. Lasure's division of her time between her duties as a Pharmacist Technician and her duties as the Local 181 president. These disputes appear from the record to have eventually generated a great deal of personal animosity between Ms. Lasure and management, and resulted in escalating disciplinary actions against Ms. Lasure. The culmination of these events was

Ms. Lasure's removal from service on October 31, 2014, on charges of being away without leave ("AWOL"), failure to comply with instructions, and conduct unbecoming a VA employee.

Ms. Lasure ultimately invoked the arbitration clause of the applicable collective bargaining agreement to appeal her removal. In front of the arbitrator, Ms. Lasure argued that the VA had failed to prove any of the charges, and moreover argued that the disciplinary actions against her were motivated by "union animus," *i.e.* were retaliation for her protected union activities in violation of 5 U.S.C. § 2302(b)(9). The arbitrator, however, upheld each of the charges as supported by sufficient evidence and further found no evidence that any of management's actions were motivated by "union animus."

Ms. Lasure timely filed an appeal of the arbitrator's decision to the Board. As she had in front of the arbitrator, Ms. Lasure asserted to the Board that the VA had failed to proffer sufficient evidence to support the charges, and that the disciplinary actions taken against her were motivated by "union animus" in violation of 5 U.S.C. § 2302(b)(9). However, the Board found that it lacked jurisdiction over Ms. Lasure's claims. The Board held that it was permitted to review arbitration decisions where (in relevant part) there was a claim for discrimination in violation 5 U.S.C. § 2302(b)(1). Because Ms. Lasure's claims arose under § 2302(b)(9), the Board dismissed her appeal for lack of jurisdiction.

Ms. Lasure timely appealed the Board's dismissal for lack of jurisdiction to this court. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1295(a)(9); *see also Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1117 (Fed. Cir. 2013) (holding that an appeal from the Board's dismissal for lack of jurisdiction properly belongs in this court).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which we review without deference. *Kelley v. Merit Sys. Prot. Bd.*, 241 F.3d 1368, 1369 (Fed. Cir. 2001). We are, however, bound by the Board's factual findings on which a jurisdictional determination is based unless those findings are not supported by substantial evidence. *See Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

With respect to the Board's jurisdiction to hear Ms. Lasure's case, we understand Ms. Lasure to argue that in certain circumstances a claim for reprisal for filing a discrimination complaint can be recognized under 5 U.S.C. § 2302(b)(1) or 5 U.S.C. § 2302(b)(9). *See* Informal Brief of Petitioner Continuation Pages at 2 (citing to *Williams v. Social Security Administration*, 101 M.S.P.R. 587, ¶8 (2006)). We also understand Ms. Lasure to argue that such a situation applies here, where she alleges retaliation against her for filing various Equal Employment Opportunity ("EEO") claims pursuant to her duties as union president. *Id.* For the reasons explained below, we are not persuaded by Ms. Lasure's argument and agree with the Board that they lacked jurisdiction to hear Mr. Lasure's claim.

The Board's jurisdiction is not plenary, but is limited to those matters over which it has been granted jurisdiction by law, rule or regulation. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). Here, 5

U.S.C. § 7121(d) states that "[a]n aggrieved employee affected by a prohibited personnel practice under section 2302(b)(1) of this title which also falls under the coverage of the negotiated grievance procedure may raise the matter under a statutory procedure or the negotiated procedure, but not both." The Board's regulations interpreting this provision similarly cabin the Board's jurisdiction over arbitration proceedings to review of claims for discrimination raised under § 2302(b)(1). *See* 5 C.F.R. § 1201.155(a)(1) & (c).

In practice then, the Board exercises jurisdiction over an arbitration decision only when (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued. *See Jones v. Dep't of Energy*, No. CB-7121-13-0111-V-1, 2013 WL 6858180 (M.S.P.B. Dec. 31, 2013), *aff'd sub nom. Jones v. Merit Sys. Prot. Bd.*, 589 F. App'x 972 (Fed. Cir. 2014). The MSPB does not dispute that Ms. Lasure's case met the first and third requirements. *See* Respondent's Informal Brief at 6 n. 2. Thus, the only relevant question here is whether Ms. Lasure raised a 5 U.S.C. § 2302(b)(1) claim in front of the arbitrator or the Board.[1]

---

[1] Because the collective bargaining agreement is not in the record, it is unclear whether Ms. Lasure would have been allowed to raise a 2302(b)(1) claim to the arbitrator. However, as we explain below, Ms. Lasure did not raise such a claim at either level, making the question of her ability to raise it to the arbitrator moot.

Under § 2303(b)(1), discrimination is prohibited on the basis of criteria in five enumerated subsections: (A) "race, color, religion, sex, or national origin, as prohibited by [42 U.S.C. § 2000e-16)]," (B) "age, as prohibited under [29 U.S.C. §§ 631, 633a]," (C) "sex, as prohibited under [29 U.S.C. § 206(d)]," (D) "handicapping condition, as prohibited under [29 U.S.C. § 791]," or (E) "marital status or political affiliation as prohibited under any law, rule, or regulation." The Board determined that Ms. Lasure's claim (in front of the Board and the arbitrator) did not allege any retaliation based on the criteria in § 2303(b)(1).

Having thoroughly reviewed Ms. Lasure's post-hearing brief to the arbitrator (*see* Supplemental Appendix at 33-89), her request to the Board for review of the arbitrator's decision (*see id.* at 90-134) and her Supplemental Response to the Board (*see id.* at 135-149), we agree with the Board. Ms. Lasure does not allege that the VA retaliated against her based on any of the categories of discrimination prohibited by § 2303(b)(1). On the record in front of us, we can find only generalized allegations of bias and harassment; nowhere did Ms. Lasure specifically claim that the VA discriminated against her on the basis of any protected category listed in § 2303(b)(1). Nor did Ms. Lasure claim (or allege facts to support a claim) that the alleged retaliation for filing EEO grievances was motivated by any discrimination prohibited by any criteria listed in § 2303(b)(1). In other words, Ms. Lasure does not claim that she was retaliated against on the basis of race, color, religion, sex, national origin, age, handicapping condition, marital status or political affiliation, nor does she claim that any alleged retaliation for filing EEO grievances was motivated by animus towards one of those categories (either directed towards her or someone she was representing as part of her union duties).

Instead, the Board found that Ms. Lasure alleged that the discrimination against her was motivated by "union

animus," *i.e.* that "the agency discriminated against her because of her participation in union activity" in violation of § 2302(b)(9). *See* Supplemental Appendix at 2. 5 U.S.C. § 2302(b)(9) protects an employee from retaliation for exercising appeal, complaint, or grievance rights.[2] As a general matter, the Board does not have jurisdiction over "unfair labor practice allegation[s] based on anti-union animus." *Bodinus v. Dep't of Treasury*, 7 M.S.P.R. 536, 542 (1981). However, "[p]erforming union-related duties, such as filing grievances and representing other employees in the grievance process, are protected activities under section 2302(b)(9)." *See Alarid v. Dep't of Army*, No. SF-0752-14-0256-I-1, 2015 WL 4979637, ¶ 10 (M.S.P.B. Aug. 21, 2015). We agree with the Board that, at best, Ms. Lasure's claims fall under 2302(b)(9) to the extent she claims that the VA retaliated against her for filing grievances (for herself or on behalf of others) as part of her union duties.

For example, in her post-hearing brief to the arbitrator Ms. Lasure explained at length how her *union* activi-

---

[2] The text of the statute states that covered employees shall not "(9) take or fail to take, or threaten to take or fail to take, any personnel action against any employee or applicant for employment because of (A) the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation (i) with regard to remedying a violation of paragraph (8); or (ii) other than with regard to remedying a violation of paragraph (8); (B) testifying for or otherwise lawfully assisting any individual in the exercise of any right referred to in subparagraph (A)(i) or (ii); (C) cooperating with or disclosing information to the Inspector General of an agency, or the Special Counsel, in accordance with applicable provisions of law; or (D) for refusing to obey an order that would require the individual to violate a law."

ties were the reason for the alleged retaliation, including filing EEO grievances on behalf of herself and other employees. *See* Supplemental Appendix at 72 (arguing that management harassment was retaliation for serving grievances on behalf of the union and for alleged AWOL time when she was instructing new employees on how to join the union); *id.* at 73-74 (harassment was due to serving union grievance on behalf of another employee). In explaining what "protected activity" she engaged in, Ms. Lasure emphasized her status as the president of the Local 181 and her union duties, which included filing grievances for union members. *See id.* at 80.

Her brief to the Board is no different. The emphasis is solely on Ms. Lasure's claim that the VA was punishing her in retaliation for her union activities. *See e.g.* Supplemental Appendix at 100-123 (under the heading "Department of Veteran Affairs Union Animus Behavior," alleging hostility of management towards the union as basis for retaliation). Ms. Lasure made clear to the Board that her claim for discriminatory retaliation was entirely related to her *union activity*: "The Agency did not bring her up on charges and fire her due to her job performance as a Pharmacy Technician; but they did use and threaten her Pharmacy Job and Federal Career as a platform to execute actions against her and fire her in response to her Union Activity." *Id.* at 125. Indeed, it is significant that the *only* reference to § 2302(b)(1) in any of her briefs below is a recitation in her brief to the Board of the correct legal standard for the Board's jurisdiction to review an arbitrator's decision (a standard her case failed to meet). *See id.* at 132. Nowhere did Ms. Lasure allege that the retaliation was based on any status other than her position as a union president.

We therefore uphold the Board's finding that Ms. Lasure did not allege any discriminatory action by VA management that is prohibited by § 2302(b)(1), and that her claims at best fall under § 2302(b)(9). Because the

Board does not have jurisdiction to review an arbitration decision where only § 2302(b)(9) claims are raised, we affirm the Board's dismissal of Ms. Lasure's case.

**AFFIRMED**

COSTS

No Costs.