NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**REGINALD HILL,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3093

---

Petition for review of the Merit Systems Protection Board in MSPB Docket No. AT1221110409-W-1.

---

Decided: October 9, 2012

---

REGINALD HILL, of West Palm Beach, Florida, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge*, LOURIE, *Circuit Judge*, and DANIEL\*, *Chief District Judge.*

PER CURIAM.

Reginald Hill appeals from the final decision of the Merit Systems Protection Board ("the Board") that dismissed his Individual Right of Action ("IRA") appeal for lack of jurisdiction. *See Hill v. Dep't of Veterans Affairs*, No. AT1221110409-W-1 (M.S.P.B. June 8, 2011) ("*Initial Decision*"); *Hill v. Dep't of Veterans Affairs*, No. AT1221110409-W-1 (M.S.P.B. Feb. 23, 2012) ("*Final Order*"). Because the Board did not err in dismissing Hill's appeal, we *affirm*.

## BACKGROUND

This case relates to a complaint that Hill filed with the Office of Special Counsel ("OSC") in August, 2010.[1] At that time, the Department of Veterans Affairs ("VA") employed Hill at a medical facility. In his OSC complaint, Hill alleged discrimination, in particular, that other employees were given unauthorized preferences over Hill, that the VA obstructed his right to compete for employment, and that the VA failed to afford him preference as a veteran. At the same time, Hill contacted the Equal Employment Opportunity Commission and raised related

---

\*    Honorable Wiley Y. Daniel, Chief District Judge, United States District Court for the District of Colorado, sitting by designation.

[1]    In dismissing Hill's appeal, the Board declined to consider Hill's OSC complaints filed in 2006 and 2007 because Hill did not provide any evidence that he met the statutory requirement of exhausting his remedies before the OSC under 5 U.S.C. § 1214(a)(3). Because that determination was not in error, we will not address those complaints. Moreover, we note that any appeal regarding those complaints would be untimely. *See* 5 U.S.C. § 1214(a)(3)(A).

discrimination claims based on his race, color, sex, age, and veterans' status.

In November, 2010, the OSC informed Hill that it had made a preliminary determination to close its investigation into Hill's allegations. According to the OSC, Hill's complaint did not allege whistleblower violations, but alleged only violations of 5 U.S.C. § 2302(b)(1), (b)(4), (b)(6), and (b)(11), which relate to other purported violations of law recited above. After the time for Hill to provide comments lapsed, the OSC closed its investigation in December, 2010.

Hill thereafter appealed to Board. The administrative judge ("AJ") assigned to the appeal issued an initial decision dismissing Hill's appeal for lack of jurisdiction. *Initial Decision*, at 9–10. In particular, the AJ concluded that Hill's complaint did not invoke the whistleblower protections codified in 5 U.S.C. § 2302(b)(8) because it did not allege that Hill made a protected disclosure and was too vague and unspecific.

Hill petitioned the full Board, which denied his petition. *Final Order*, at 4. The Board concluded that none of the evidence in the record showed that Hill made a protected disclosure under 5 U.S.C. § 2302(b)(8). In particular, the Board explained that Hill's OSC complaint "never mention[ed] whistleblowing, protected disclosure, section 2303(b)(8), or retaliation for whistleblowing." *Id.* at 4. Instead, the Board concluded that the OSC complaint alleged that the VA gave other employees unauthorized preference, which was consistent with how the OSC characterized Hill's complaint, and that the Board accordingly lacked jurisdiction over Hill's appeal.

Hill timely appealed to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

DISCUSSION

While the scope of our review in an appeal from a Board decision is limited, *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003), the scope of the Board's jurisdiction is a question of law that we review without deference, *Kelley v. Merit Sys. Prot. Bd.*, 241 F.3d 1368, 1369 (Fed. Cir. 2001). Under 5 U.S.C. § 1214(a)(3), an employee is required to "seek corrective action from the Special Counsel before seeking corrective action from the Board," and the Board may only consider the disclosures and personnel actions raised before the OSC, *see Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1035–36 (Fed. Cir. 1993). "[T]he Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the OSC and makes 'non-frivolous allegations' that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

Hill argues that he raised nonfrivolous allegations that he made a protected disclosure and that the disclosure was a contributing factor in the VA's decision to take or not take the personnel actions listed in his OSC complaint. Hill argues that the jurisdictional inquiry carries a "significantly lower" burden than other pleading requirements and that the Board erred in concluding that his allegations in his IRA appeal were insufficient to establish jurisdiction.

The government responds that Hill did not allege any facts in his complaint to support a claim of reprisal for whistleblowing. To support its argument, the government points to OSC's letter to Hill that did not mention a

whistleblowing reprisal claim in discussing Hill's discrimination-related allegations. Thus, argues the government, the Broad's dismissal of Hill's appeal for lack of jurisdiction should be affirmed.

We agree that the Board properly dismissed Hill's appeal for lack of jurisdiction. The Board correctly concluded that Hill failed to show that he even alleged that he made a protected disclosure at the OSC. The record indicates that Hill only raised allegations of unlawful discrimination, 5 U.S.C. § 2302(b)(1), obstruction of his ability to compete for employment, *id.* § 2302(b)(4), unlawful preferences, *id.* § 2302(b)(6), and violating a veterans' preference, *id.* § 2302(b)(11). Nothing in the record indicates that Hill engaged in whistleblowing activity by making a protected disclosure. Nor is there any indication that such a disclosure was a contributing factor in the VA's decision to take or not take any of the personnel actions identified by Hill. Thus, the Board properly dismissed Hill's claim for lack of jurisdiction.

We have considered Hill's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Board is

## AFFIRMED

### COSTS

No costs.