UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

MARK B. BARTA,
            Appellant,

            v.

DEPARTMENT OF DEFENSE,
            Agency.

DOCKET NUMBER
CH-1221-13-0359-W-3

DATE: September 22, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Mark B. Barta, Galena, Ohio, pro se.

Amanda J. Dinges, Indianapolis, Indiana, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2     The appellant served as a Supervisory Accountant in the agency's Defense Finance and Accounting Service (DFAS). *Barta v. Department of Defense*, MSPB Docket No. CH-1221-13-0359-W-1, Initial Appeal File (IAF), Tab 1 at 1. On December 7, 2012, he filed a complaint with the Office of Special Counsel (OSC) alleging that the agency retaliated against him for making protected disclosures concerning his supervisor, the DFAS General Counsel (GC), during the following proceedings:  (1) a DFAS Internal Review (IR) Office investigation of the GC; (2) a prior Board appeal; and (3) the equal employment opportunity (EEO) complaints of two coworkers. *Barta v. Department of Defense*, MSPB Docket No. CH-1221-13-0359-W-3, Appeal File (W-3 AF), Tab 5 at 8. OSC issued the appellant a close-out letter informing him that it was closing the file on his complaint and advising him of his right to file a Board appeal. IAF, Tab 1 at 9‑10. This appeal followed. *Id.* at 1.

¶3     During the proceedings below, the administrative judge dismissed the appeal without prejudice to refiling so that the appellant could exhaust additional claims of retaliation with OSC that he raised before the administrative judge but did not raise before OSC. *Barta v. Department of Defense*, MSPB Docket No. CH-1221-13-0359-W-2, Initial Decision at 2 (Mar. 19, 2014). After the appellant filed an additional complaint, OSC issued a second close-out letter, and the administrative judge resumed the processing of the appeal. W-3 AF, Tab 1 at 1, 4-5.

¶4     Without holding the appellant's requested hearing, IAF, Tab 1 at 2, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. *Barta v. Department of Defense*, MSPB Docket No. CH‑1221‑13‑0359‑W‑3, Initial Decision (W-3 ID) at 2 (July 13, 2016). She

found that the appellant had exhausted his administrative remedies before OSC concerning three sets of disclosures and that he alleged he made those disclosures in or before 2010, prior to the amendment of the Whistleblower Protection Act (WPA) by the Whistleblower Protection Enhancement Act of 2012 (WPEA). W‑3 ID at 6.  She then determined, applying pre‑WPEA law, that the appellant failed to make a nonfrivolous allegation that he made a protected disclosure because all of his alleged disclosures were made during the course of an agency investigation or administrative proceeding and that, prior to the enactment of the WPEA, whistleblower protection did not extend to disclosures made in such proceedings.  W-3 ID at 6-8.  She additionally found that, to the extent the appellant raised the same disclosures outside the context of an investigation or administrative proceeding, those disclosures were not protected under the WPA because they were made to his supervisor about the supervisor's own misconduct. W-3 ID at 9 (citing *Huffman v. Office of Personnel Management*, 263 F.3d 1341, 1344 (Fed. Cir. 2001), *superseded by statute*, WPEA, Pub. L. No. 112-199, 126 Stat. 1465).  As a result, the administrative judge dismissed the appeal.

¶5        The appellant has filed a petition for review that challenges the administrative judge's legal analysis of his claims.  Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        It is undisputed that all of the alleged protected disclosures and personnel actions here took place prior to the enactment of the WPEA.  *Barta v. Department of Defense*, MSPB Docket No. CH-1221-13-0359-W-2, Appeal File (W-2 AF), Tab 7, Exhibit (Ex.) L, Tab 8, Subtabs 4a, 4n, 4w.  Therefore, we agree with the administrative judge's decision to apply the pre‑WPEA standards concerning the scope of an IRA appeal.  W-3 ID at 6‑7; *see Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 7 (2016).

¶7 Under pre-WPEA law, the Board has jurisdiction over an IRA appeal if the appellant shows he has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8) and that the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). To meet the nonfrivolous standard, an appellant need only plead allegations of fact that, if proven, could show that he made a protected disclosure that was a contributing factor in the agency's decision to take or fail to take a personnel action. *See Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 8 (2011). In cases involving multiple alleged protected disclosures and multiple alleged personnel actions, when an appellant makes a nonfrivolous allegation that at least one alleged personnel action was taken in reprisal for at least one alleged protected disclosure, he establishes Board jurisdiction over his IRA appeal. *Id.* Whether an allegation is nonfrivolous is determined on the basis of the written record. *Id.* If the appellant satisfies each of these jurisdictional requirements, he has the right to a hearing on the merits. *Id.*

The appellant exhausted his administrative remedies before OSC.

¶8 In the initial decision, the administrative judge found that the appellant exhausted his administrative remedies before OSC concerning five alleged disclosures that he made during the course of the IR Office investigation, one alleged disclosure that he made during his prior Board appeal, and one series of alleged disclosures that he made during the course of proceedings in the EEO complaints of two coworkers. W-3 ID at 5. She also found that the appellant exhausted his administrative remedies before OSC concerning the following alleged personnel actions: (1) conversion from the National Security Personnel System (NSPS) to the General Schedule (GS) as a GS-14 rather than as a GS-15; (2) nonselection for the GS-14 position of Deputy Assistant GC; (3) nonselection

for the GS-15 position of Deputy GC; and (4) nonselection for the GS-15 position of Assistant GC. W‑3 ID at 6. Neither party challenges these findings on review, and we discern no basis to disturb them.

The appellant nonfrivolously alleged that he made protected disclosures under 5 U.S.C. § 2302(b)(8).

¶9 Here, the administrative judge found, in interpreting the pre‑WPEA version of 5 U.S.C. § 2302(b)(9), that disclosures made by an employee either in prosecuting a prior Board appeal (activity covered under section 2302(b)(9)(A)), or through testifying in an EEO proceeding filed by another employee (activity covered under section 2302(b)(9)(B)), were not protected and did not establish a basis for finding Board jurisdiction. W-3 ID at 7-8 (citing *Ruffin v. Department of the Army*, 48 M.S.P.R. 74, 78 (1991), and *Gonzales v. Department of Housing & Urban Development*, 64 M.S.P.R. 314, 317-18 (1994)). We agree with these findings. *See Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 7 (2014) (finding that the WPEA did not apply retroactively to 5 U.S.C. § 2302(b)(9)(A)(i)); *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶¶ 8-15 (2014) (concluding that the WPEA did not apply retroactively to 5 U.S.C. § 2302(b)(9)(B)).[2]

¶10 Concerning the disclosures raised during the course of the IR Office investigation, we disagree with the administrative judge's reasoning that these

[2] The administrative judge also found that, to the extent the appellant raised the same disclosures to his supervisor outside the context of his prior Board appeal or the EEO proceedings, they were not protected under the WPA because they concerned his supervisor's own misconduct. W-3 ID at 9 (citing *Huffman*, 263 F.3d at 1344). The WPEA, however, effectively abrogated this rule in *Huffman*, and the Board has found that the WPEA provision pertaining to this rule should apply to all whistleblower appeals pending before the Board regardless of when the alleged personnel actions took place. *Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶¶ 18, 26 (2013). Nevertheless, the administrative judge found that the appellant did not exhaust his administrative remedies as to these disclosures, and the Board, therefore, lacks jurisdiction over them on that basis. W-3 ID at 5; *see Coufal v. Department of Justice*, 98 M.S.P.R. 31, 38 (2004) (finding that the Board's jurisdiction in an IRA appeal is limited to issues raised before OSC).

disclosures are not protected solely because of the context in which they were raised. Relying on *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434 (2016), the administrative judge determined that none of the appellant's alleged disclosures raised during the course of the IR Office investigation were protected because giving testimony to agency investigators looking into alleged misconduct by another employee does not give rise to a claim of retaliation under the WPA or the WPEA. W-3 ID at 8. We find, however, that the administrative judge's reliance on *Graves* is misplaced.

¶11        In *Graves*, the Board determined that the appellant's testimony during an agency's internal investigation did not constitute protected activity under 5 U.S.C. § 2302(b)(9) for jurisdictional purposes under the WPEA. *Graves*, 123 M.S.P.R. 434, ¶ 15. However, the Board specifically noted that, because the appellant did not contend that his testimony contained disclosures protected under 5 U.S.C. § 2302(b)(8), it had no occasion to consider whether the Board has jurisdiction under the WPEA when an appellant raises protected disclosures under 5 U.S.C. § 2302(b)(8) during the course of the investigation. *Id.*, ¶ 15 n.2. Here, the appellant specifically alleged that he disclosed during the IR Office investigation that the GC violated various laws, rules, and regulations and that, therefore, the disclosures were protected under section 2302(b)(8). IAF, Tab 1 at 11-13; W−2 AF, Tab 7, Ex. L; W-3 AF, Tab 5 at 3, 6. Moreover, prior to the enactment of the WPEA, the Board explicitly found that an appellant's allegation that he disclosed a violation of law, rule, or regulation to agency investigators during an agency investigation constituted a nonfrivolous allegation that the appellant made a disclosure protected under 5 U.S.C. § 2302(b)(8) for jurisdictional purposes under the WPA. *Coons v. Department of the Treasury*, 85 M.S.P.R. 631, ¶ 14 (2000), *overruled on other grounds by Arauz v. Department of Justice*, 89 M.S.P.R. 529 (2001). Therefore, because the appellant claims that the disclosures he made during the course of the IR Office investigation were protected under section 2302(b)(8), we find that they should

not be precluded from protection simply because they were raised in the context of an agency internal investigation. *See id.*

¶12 Protected whistleblowing occurs when an appellant makes a disclosure that he reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 17 (2011). The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to, and readily ascertainable by, the employee could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Id.*

¶13 During the IR Office investigation, the appellant, who is an attorney, made five alleged protected disclosures. IAF, Tab 1 at 11-15; W-3 AF, Tab 5 at 1-3, Tab 18 at 5. In the first disclosure, he claimed that the GC, along with other managers, rented a contractor's beach house at the same time he caused a personal services contract to be issued to that contractor in violation of procurement integrity laws. IAF, Tab 1 at 11. In the second disclosure, the appellant claimed that the GC used a consolidation of the Office of General Counsel (OGC) offices as a way of eliminating older employees in violation of discrimination laws. *Id.* at 13. In the third disclosure, he claimed that the GC teleworked and allowed some employees to telework from homes outside the commuting area but denied telework requests from other employees, including him, in violation of discrimination laws. *Id.* at 12-13. In the fourth disclosure, the appellant claimed that the GC misused appropriated funds in excess of $100,000 to travel from his home in Maryland to the OGC office in Indiana. W-3 AF, Tab 5 at 3, 6. In the fifth disclosure, he claimed that the GC "shook down" his employees for contributions to a "flower fund" in violation of ethics

rules and regulations that state that supervisors cannot solicit contributions from employees within their chain of command.  W-2 AF, Tab 7, Ex. L.

¶14      Concerning the first and fifth disclosures, we find that the appellant presented a nonfrivolous allegation that he made protected disclosures of a violation of a law, rule, or regulation.  The standard for establishing jurisdiction is a nonfrivolous allegation of facts that, if proven, would show that the appellant made a protected disclosure, i.e., that the matter disclosed was one that a reasonable person in his position would believe evidenced a "violation of any law, rule, or regulation." *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 8 (2013).  Any doubt or ambiguity as to whether an appellant raised a nonfrivolous allegation of a reasonable belief should be resolved in favor of a finding that jurisdiction exists. *Id.*  At the jurisdictional stage in an IRA appeal, an appellant is not required to prove that his disclosure is protected under 5 U.S.C. § 2302(b)(8). *Id.*  Here, as stated above, the appellant alleged that he disclosed that the GC violated procurement integrity laws and ethics rules and regulations when he engaged in the misconduct described in the first and fifth disclosures.  After reviewing the appellant's submissions, including his sworn affidavits and supporting materials, we find that he has raised a nonfrivolous allegation that a person in his position could reasonably conclude that he disclosed evidence of a violation of a law, rule, or regulation to the agency investigators. *See Czarkowski v. Department of the Navy*, 87 M.S.P.R. 107, ¶ 11 (2000).  Accordingly, we find that he met his jurisdictional burden as to the first and fifth disclosures.

¶15      Concerning the fourth disclosure, we find that the appellant presented a nonfrivolous allegation that he made a protected disclosure of an abuse of authority.  For purposes of the WPA, an abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons. *Chavez v. Department of*

*Veterans Affairs*, 120 M.S.P.R. 285, ¶ 22 (2013).  The appellant need not prove that the condition reported established an abuse of authority under 5 U.S.C. § 2302(b)(8) but must establish that the matter reported was one that a reasonable person in his position would believe evidenced an abuse of authority.  *See White v. Department of the Air Force*, 63 M.S.P.R. 90, 95 (1994).  We find that the appellant's disclosure during the IR Office investigation concerning the GC's misuse of appropriated funds for his personal gain in excess of $100,000 constitutes a nonfrivolous allegation that he engaged in whistleblowing by disclosing a purported abuse of authority.  *See Frederick v. Department of Veterans Affairs*, 63 M.S.P.R. 563, 570 (1994) (finding that the appellant made a nonfrivolous allegation of an abuse of authority when he reported instances of time and attendance fraud).  Therefore, we find that he met his jurisdictional burden as to the fourth disclosure.

¶16        Concerning the second and third disclosures, however, we find that the appellant failed to nonfrivolously allege that his disclosures were protected.  Specifically, the second and third disclosures contain allegations that the GC committed misconduct in violation of discrimination laws.  IAF, Tab 1 at 12-13; W-3 AF, Tab 5 at 1-2, Tab 18 at 5.  The Board has long held that disclosures that are limited to EEO matters covered under 5 U.S.C. § 2302(b)(1) are excluded from coverage under section 2302(b)(8).  *Applewhite v. Equal Employment Opportunity Commission*, 94 M.S.P.R. 300, ¶ 13 (2003); *see Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10-26 (reaffirming the longstanding principle that disclosures protected under Title VII are not protected under 5 U.S.C. § 2302(b)(8) because employees seeking to remedy reprisal for such disclosures have the right to seek redress before the Equal Employment Opportunity Commission); *see also Hill v. Merit Systems Protection Board*, 495 F. App'x 77, 78-79 (Fed. Cir. 2012) (affirming the Board's conclusion that the appellant's allegations of race, color, sex, and age discrimination under

5 U.S.C. § 2302(b)(1) do not constitute protected disclosures under section 2302(b)(8)).[3]

¶17    Accordingly, we find that the appellant nonfrivolously alleged that the first, fourth, and fifth disclosures that he made during the IR Office investigation are protected under 5 U.S.C. § 2302(b)(8).

The appellant nonfrivolously alleged that he suffered a personnel action.

¶18    An employee may seek corrective action from the Board concerning any "personnel action" taken, or proposed to be taken, against him as the result of a prohibited personnel practice described in 5 U.S.C. § 2302(b)(8). 5 U.S.C. § 1221(a); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 14 (2012). Under pre-WPEA law, a "personnel action" was defined as follows: (i) an appointment; (ii) a promotion; (iii) an action under 5 U.S.C. chapter 75 or other disciplinary or corrective action; (iv) a detail, transfer, or reassignment; (v) a reinstatement; (vi) a restoration; (vii) a reemployment; (viii) a performance evaluation under 5 U.S.C. chapter 43; (ix) a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other personnel action; (x) a decision to order psychiatric testing or examination; and (xi) any other significant change in duties, responsibilities, or working conditions. 5 U.S.C. § 2302(a)(2)(A) (2011); *Mattil*, 118 M.S.P.R. 662, ¶ 14.

¶19    A nonselection for a promotion is a covered "personnel action" under 5 U.S.C. § 2302(a)(2)(A)(ii). *See Johnson v. Department of Health & Human Services*, 87 M.S.P.R. 204, ¶ 9 (2000). Therefore, we find that the appellant made a nonfrivolous allegation that he suffered a personnel action concerning the three alleged nonselections. However, concerning the appellant's conversion from the NSPS to the GS, he has not nonfrivolously alleged that the agency took a

---

[3] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

personnel action against him as defined by 5 U.S.C. § 2302(a)(2). For instance, he has not alleged that he suffered a reduction in pay or that he experienced any significant change in duties, responsibilities, or working conditions when the agency completed his conversion from the NSPS to the GS. Therefore, we find that he has not nonfrivolously alleged that his conversion from the NSPS to the GS constituted a personnel action against him. *See, e.g.*, *King v. Department of Health & Human Services*, 133 F.3d 1450, 1452-53 (Fed. Cir. 1998) (finding that an action must have practical consequences for an employee to constitute a "personnel action" under 5 U.S.C. § 2302(a)(2)(A)).

<u>The appellant has nonfrivolously alleged that his protected disclosures were a contributing factor in the agency's decision to take or fail to take a personnel action.</u>

¶20    To satisfy the contributing factor criterion, an appellant need only raise a nonfrivolous allegation that the fact or content of the protected disclosure was one factor that tended to affect the personnel action in any way. *Mason*, 116 M.S.P.R. 135, ¶ 26. One way to establish this criterion is the knowledge‑timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

¶21    Here, the appellant alleged that many of the officials who were involved in the decisions concerning his nonselections knew of his protected disclosures. IAF, Tab 1 at 13-15; W-3 AF, Tab 5 at 5-8. Specifically, he alleged that the GC and the Assistant GC, among others, were aware of his disclosures because they were given a copy of the IR Office report. IAF, Tab 1 at 13. The appellant claimed that the GC and the Assistant GC had significant motivation to retaliate against him as a result of his disclosures contained in the report. IAF, Tab 1

at 14-15; W-2 AF, Tab 7, Ex. L; W-3 AF, Tab 5. He also claimed that the GC eventually resigned as a result of the findings contained in the report. *Id.* Concerning the selection for the Deputy Assistant GC position, which took place in January 2012, the appellant alleged that the GC was the selecting official and that the Assistant GC was a member of the selection panel. IAF, Tab 1 at 14; W‑2 AF, Tab 8, Subtab 4w. Concerning the selection for the Deputy GC position, which took place in June 2012, the appellant alleged that the GC was a member of the selection panel. IAF, Tab 1 at 15; W-2 AF, Tab 8, Subtab 4n. Concerning the selection for the Assistant GC position, which took place in October 2012, the appellant alleged that the Assistant GC was a member of the selection panel. IAF, Tab 1 at 15; W-2 AF, Tab 8, Subtab 4a. Further, the personnel actions at issue are alleged to have taken place within 2 years of the time that he allegedly made his disclosures during the IR Office investigation, which appears to have been in late 2010. IAF, Tab 1 at 11-16; W-2 AF, Tab 7 at 1‑5, Tab 8, Subtabs 4a, 4n, 4w; W-3 AF, Tab 5 at 5-7. Based on the foregoing, we find that the appellant has nonfrivolously alleged that the nonselections occurred within a period of time such that a reasonable person could conclude that his disclosures during the IR Office investigation were a contributing factor in the personnel actions under the knowledge-timing test. *See Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 22 (2010) (finding that a personnel action taken within approximately 1 to 2 years of the appellant's disclosures satisfies the knowledge‑timing test); *see also Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶¶ 21-23 (2013).

¶22    Although the agency argued below that the appellant failed to prove that the GC, the Assistant GC, or any others involved in the selection decisions were negatively influenced by the appellant's whistleblowing activities, the appellant need only make a nonfrivolous allegation that his disclosures were a contributing factor in the nonselections at this stage. W-3 AF, Tab 10 at 4-6; *see Mason*,

116 M.S.P.R. 135, ¶ 26.  We find that he has met this burden.  Accordingly, the appellant is entitled to a hearing on the merits of his IRA appeal.  *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 14 (2016).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.